IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HARTFORD FIRE INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: _____ |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| MEDLINE INDUSTRIES, INC., | ) | |
| BECTON, DICKINSON & COMPANY, and | ) | |
| C.R. BARD, INC. | ) | |
| Defendants. | ) | |
| | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Hartford Fire Insurance Co. ("Hartford"), files this Complaint for Declaratory Judgment seeking a declaration of legal rights and remedies among the parties relating to a commercial general liability insurance policy (referred to as "the Policy") as follows:

**PARTIES**

1. Hartford is an insurance company incorporated, organized, and existing under the laws of the state of Connecticut with its principal place of business in the state of Connecticut.

2. Upon information and belief, Defendant Medline Industries, Inc. ("Medline") is a corporation organized under the laws of the state of Illinois with its principal place of business at 3 Lakes Drive, Northfield, Illinois 60093.

3. Upon information and belief, Defendant Becton, Dickinson & Company ("Becton") is a corporation organized under the laws of the state of New Jersey with its principal place of business at 1 Beckton Drive, Franklin Lakes, New Jersey 07417.

4. Upon information and belief, C.R. Bard, Inc. ("Bard") is a corporation organized under the laws of the state of New Jersey with its principal place of business at 1 Becton Drive, Franklin Lakes, New Jersey 07417.

## JURISDICTION AND VENUE

5. Jurisdiction is proper with this Court pursuant to 28 U.S.C. § 2201 as Hartford is seeking a determination of its rights under an insurance policy issued to Medline and a controversy of a ripe and justiciable nature exists between the parties.

6. Jurisdiction is also proper with this Court pursuant to 28 U.S.C. § 1332(a) because the parties are of diverse citizenship and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

7. Venue is appropriate in this district pursuant to 28 U.S.C. §1391(b) because Defendant Medline maintains an office in this district, and a substantial part of the events or omissions giving rise to this claim occurred in this district.

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2201, Rule 57 of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1332(a)(1).

## GENERAL ALLEGATIONS

9. Medline is seeking insurance coverage under the Policy related to a lawsuit filed by Becton, Dickinson & Company and C.R. Bard, Inc. against Medline in the United States District for the District of New Jersey, Case No. 2:21-cv-12929 ("Underlying Action"). A true and correct copy of the First Amended Complaint filed in the Underlying Action is attached as **Exhibit A**.

10. Hartford brings this action seeking an interpretation of a commercial general liability insurance policy that it issued to Medline, as well as a declaration of Hartford's rights and obligations, if any, to Medline thereunder with respect to the Underlying Action.

11. Becton and Bard were named as parties to this insurance coverage action because they are the plaintiffs in the Underlying Action.

**The Policy**

12. Hartford issued a commercial general liability insurance policy, policy no. 83 C D75206, to Named Insured Medline Industries Inc. for the period of July 1, 2020 to July 1, 2021. The Policy is attached as **Exhibit B**.

13. The Policy provides an Each Occurrence Limit of $1,000,000 and a Personal And Advertising Injury Limit of $1,000,000.

14. The Insuring Agreement under Section I, Coverage A - Bodily Injury and Property Damage Liability in the Policy provides, in part, as follows:

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply…

Ex. B, Form HG 00 01 09 16, p. 1.

15. "Bodily injury" is defined, in pertinent part, as physical injury, sickness, or death "sustained by a person and, if arising out of the above, mental anguish or death at any time."

16. "Property damage" is defined, in pertinent part, as "[p]hysical injury to tangible property, including all resulting loss of use of that property" and "[l]oss of use of tangible property that is not physically injured."

17. The Insuring Agreement under Section I, Coverage B – Personal And Advertising Injury in the Policy provides, in pertinent part, as follows:

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit"

> seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:
>
> **(1)** The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and
>
> **(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.
>
> **b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

Ex. B, Form HG 00 01 09 16, pp. 6-7.

18. "Personal and advertising injury" is defined in the Policy, in pertinent part, as follows:

> **"Personal and advertising injury"** means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
>
> \*\*\*
>
> d. Oral, written or electronic publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

19. Coverage B Personal And Advertising Injury, Exclusion a. Knowing Violation Of Rights Of Another ("Knowing Violation of Rights Exclusion") provides, "[t]his insurance does not apply to:… 'Personal and advertising injury' arising out of an offense committed by, at the direction or with the consent or acquiescence of the insured with the expectation of inflicting 'personal and advertising injury'."

20. Coverage B Personal And Advertising Injury, Exclusion b. Material Published

With Knowledge Of Falsity ("Knowledge of Falsity Exclusion") precludes coverage for "'Personal and advertising injury' arising out of oral, written or electronic publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity."

21. Coverage B Personal And Advertising Injury, Exclusion f. Breach of Contract ("Breach of Contract Exclusion") precludes coverage for "Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's "advertising idea" in your "advertisement."

22. "Advertisement" is defined as follows:

**"Advertisement"** means the widespread public dissemination of information or images that has the purpose of inducing the sale of goods, products or services through:

**a.**  **(1)** Radio;
   **(2)** Television;
   **(3)** Billboard;
   **(4)** Magazine;
   **(5)** Newspaper; or

**b.** Any other publication that is given widespread public distribution.

However, "advertisement" does not include:

**a.** The design, printed material, information or images contained in, on or upon the packaging or labeling of any goods or products; or
**b.** An interactive conversation between or among persons through a computer network.

23. "Advertising idea" is defined as "any idea for an 'advertisement'."

24. Coverage B Personal And Advertising Injury, Exclusion g. Quality Or Performance Of Goods – Failure To Conform To Statements ("Failure to Conform Exclusion") provides that the Policy does not apply to "'Personal and advertising injury' arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your 'advertisement'."

5

25. Coverage B Personal And Advertising Injury, Exclusion i. Infringement Of Intellectual Property Rights ("Intellectual Property Exclusion") provides:

This insurance does not apply to:

\*\*\*

**(1)** "Personal and advertising injury" arising out of any actual or alleged infringement or violation of any intellectual property rights such as copyright, patent, trademark, trade name, trade secret, trade dress, service mark or other designation of origin or authenticity; or

**(2)** Any injury or damage alleged in any clam (*sic*) or "suit" that also alleges an infringement or violation of any intellectual property right, whether such allegation of infringement or violation is made by you or by any other party involved in the claim or "suit", regardless of whether this insurance would otherwise apply.

However, this exclusion does not apply if the only allegation in the claim or "suit" involving any intellectual property right is limited to:

**(1)** Infringement, in your "advertisement", of:
    **(a)** Copyright;
    **(b)** Slogan; or
    **(c)** Title of any literary or artistic work; or

**(2)** Copying, in your "advertisement", a person's or organization's "advertising idea" or style of "advertisement".

26. The Exclusion and Redefinition of Products-Completed Operations Hazard, Your Product, and Your Work Exclusion in the Restriction of Coverage Endorsement ("Products-Completed Operations Hazard Exclusion") provides:

**A. Exclusion and Redefinition of Products-Completed Operations Hazard, Your Product, and Your Work**

This insurance does not apply to injury, damage, loss, cost or expense, including but not limited to "bodily injury" or "property damage" arising out of, included within or in any way related to the "products-completed operations hazard".

For purposes of this exclusion, the definitions of "products-completed operations hazard", "your product" and "your work" in the Definitions section are replaced by the following:

6

    1. "Products-completed operations hazard" includes any injury or damage arising out of or in any way related to:

\*\*\*

    **f.** Violation of any intellectual property rights, including but not limited to patent, copyright, trademark or service mark, trade name, trade secret or other designation of origin or authenticity in any way related to "your product" or "your work", or the work or product of others.

27. The Health Care Services Exclusion in the Restriction of Coverage Endorsement provides:

    **B. Health Care Services Exclusion**

    **1.** The following exclusion is added to this Coverage Part:

This insurance does not apply to any injury, damage, loss, cost or expense, including but not limited to "bodily injury", "property damage" or "personal and advertising injury" arising out of or in any way related to any:

    **a.** Medical, surgical, dental or x-ray service, treatment, advice or instruction;
    **b.** Health or therapeutic service, treatment, advice or instruction; or
    **c.** Use, furnishing or dispensing of drugs or medical, dental or surgical devices, equipment, supplies, products or appliances.

This exclusion applies only for those operations during which you, or others on your behalf, are engaged in providing or making available either to an individual patient or patients, or to an individual person or persons those health care services noted in **a.**, **b.**, or **c.** above from which the injury, damage, loss, cost or expense arises or is related thereto.

28. The Professional Liability Exclusion in the Restriction of Coverage Endorsement provides:

    **C. Professional Liability Exclusion**

    **1.** This insurance does not apply to any injury, damage, loss, cost or expense, including but not limited to… "personal and advertising injury" arising out of or in any way related to the actual or alleged rendering of or failure to render any "professional services" or ancillary support services.

    The rendering of "professional services" includes, but is not limited to:

7

    **a.**    All "administrative, ministerial or supervised" activity, directly or indirectly related to the "professional service"; and

    **b.**    All equipment directly or indirectly related to or involved with the performance of the specific professional service.

**2.**    This exclusion applies whether or not the "professional services" involve:

    **a.**    Any insured;

    **b.**    Any person or organization for which any insured is legally responsible; or

    **c.**    Liability assumed by any insured under any contract or agreement and applies whether or not:

        **(1)**    Renumeration is received; or

        **(2)**    Such services are directly, indirectly, incidentally, or not at all related to the "products-completed operations hazard" or any other operations or activities.

**3.**    This exclusion does not apply to:

    **a.**    The providing of first aid services, including the use of defibrillators in the course of cardiopulmonary resuscitation; or

    **b.**    Other services performed as a Good Samaritan.

**4.**    As used in this exclusion:

    **a.**    "Professional services" means any service, including advice or consultation, which requires, on the part of the person rendering the service, specialized learning, skill, training, licensing or certification, or any service or practice that is controlled by the jurisdiction in which it is practiced or by a professional association; and

    **b.**    "Administrative, ministerial or supervised" activity includes, but is not limited to identifying, labeling, typing, mailing or matching of results or reports.

## Claim Background

29.    On July 12, 2021, Medline submitted the claim for coverage to Hartford for the Underlying Action.

30.    Hartford acknowledged the claim and issued a reservation of rights letter to Medline on August 3, 2021.

31. On October 6, 2021, Medline provided Hartford with a redacted copy of the First Amended Complaint.

32. On November 3, 2021, Hartford denied coverage under the Policy and reserved its rights on numerous grounds.

## Underlying Action

33. On September 14, 2021, Becton and Bard filed the First Amended Complaint against Medline under temporary seal in the Underlying Action.

34. The First Amended Complaint in the Underlying Action includes allegations related to ongoing patent litigation between Medline and Becton and Bard in a lawsuit captioned *Medline Industries, Inc. v. C.R. Bard, Inc.*, Case No. 1:17-cv-07216 in the United States District Court Northern District of Illinois, Eastern Division.

35. In the First Amended Complaint in the Underlying Action, Becton and Bard allege false advertising and deceptive sales practices arising out of an intellectual property dispute. *See* Exhibit A.

## COUNT I
## DECLARATORY RELIEF
## NO COVERAGE UNDER COVERAGE A

36. Hartford repeats and realleges the allegations of Paragraph 1 through 35 as if fully set forth herein.

37. The Declaratory Judgment Act permits this Court to "declare the rights and other legal relations of any interested party" with respect to a "case of actual controversy within its jurisdiction," regardless of "whether or not further relief is or could be sought." 28 U.S.C. § 2201.

38. An actual controversy exists between Hartford and Defendants regarding whether Hartford has any obligation to provide coverage for Medline under the Policy.

39. The allegations against Medline do not involve "bodily injury" or "property damage," and thus there is no coverage under Coverage A of the Policy.

40. Hartford requests that this Court declare that Hartford has no obligation to defend or indemnify Medline under Coverage A of the Policy.

**COUNT II**
**DECLARATORY RELIEF**
**INTELLECTUAL PROPERTY EXCLUSION APPLIES TO PRECLUDE COVERAGE UNDER COVERAGE B**

41. Hartford repeats and realleges the allegations of Paragraph 1 through 35 as if fully set forth herein.

42. The Declaratory Judgment Act permits this Court to "declare the rights and other legal relations of any interested party" with respect to a "case of actual controversy within its jurisdiction," regardless of "whether or not further relief is or could be sought." 28 U.S.C. § 2201.

43. An actual controversy exists between Hartford and Defendants regarding whether Hartford has any obligation to provide coverage for Medline under the Policy.

44. Part (1) of the Intellectual Property Exclusion, which provides that the Policy does not apply to "'Personal and advertising injury' arising out of any actual or alleged infringement or violation of any intellectual property rights such as copyright, patent, trademark, trade name, trade secret, trade dress, service mark or other designation of origin or authenticity…," applies to preclude coverage under the Policy.

45. Part (2) of the Intellectual Property Exclusion, which provides that the Policy also does not apply to "[a]ny injury or damage alleged in any clam (sic) or 'suit' that also alleges an infringement or violation of any intellectual property right, whether such allegation of infringement or violation is made by you or by any other party involved in the claim or 'suit',

regardless of whether this insurance would otherwise apply," applies to preclude coverage under the Policy.

46. Becton and Bard's allegations against Medline in the Underlying Action fall within the Intellectual Property Exclusion.

47. Hartford requests that this Court declare that Hartford has no obligation to defend or indemnify Medline under Coverage B of the Policy based on the Intellectual Property Exclusion.

## COUNT III
## DECLARATORY RELIEF
## FAILURE TO CONFORM EXCLUSION APPLIES TO PRECLUDE COVERAGE UNDER COVERAGE B

48. Hartford repeats and realleges the allegations of Paragraph 1 through 35 as if fully set forth herein.

49. The Declaratory Judgment Act permits this Court to "declare the rights and other legal relations of any interested party" with respect to a "case of actual controversy within its jurisdiction," regardless of "whether or not further relief is or could be sought." 28 U.S.C. § 2201.

50. An actual controversy exists between Hartford and Defendants regarding whether Hartford has any obligation to provide coverage for Medline under the Policy.

51. The Failure to Conform Exclusion, which provides that the Policy does not apply to "'Personal and advertising injury' arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your 'advertisement,'" applies to preclude coverage under Coverage B of the Policy.

52. Becton and Bard's allegations against Medline in the Underlying Action fall within the Failure to Conform Exclusion.

53. Hartford requests that this Court declare that Hartford has no obligation to defend or indemnify Medline under Coverage B of the Policy based on the Failure to Conform Exclusion.

**COUNT IV**
**DECLARATORY RELIEF**
**KNOWLEDGE OF FALSITY EXCLUSION APPLIES TO PRECLUDE COVERAGE UNDER COVERAGE B**

54. Hartford repeats and realleges the allegations of Paragraph 1 through 35 as if fully set forth herein.

55. The Declaratory Judgment Act permits this Court to "declare the rights and other legal relations of any interested party" with respect to a "case of actual controversy within its jurisdiction," regardless of "whether or not further relief is or could be sought." 28 U.S.C. § 2201.

56. An actual controversy exists between Hartford and Defendants regarding whether Hartford has any obligation to provide coverage for Medline under the Policy.

57. The Knowledge of Falsity Exclusion, which provides that the Policy does not apply to "'Personal and advertising injury' arising out of oral, written or electronic publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity," applies to preclude coverage.

58. Becton and Bard's allegations against Medline in the Underlying Action fall within the Knowledge of Falsity Exclusion.

59. Hartford requests that this Court declare that Hartford has no obligation to defend or indemnify Medline under Coverage B of the Policy based on the Knowledge of Falsity Exclusion.

**COUNT V**
**DECLARATORY RELIEF**
**KNOWING VIOLATION OF RIGHTS EXCLUSION APPLIES TO PRECLUDE COVERAGE UNDER COVERAGE B**

60. Hartford repeats and realleges the allegations of Paragraph 1 through 35 as if fully set forth herein.

61. The Declaratory Judgment Act permits this Court to "declare the rights and other legal relations of any interested party" with respect to a "case of actual controversy within its jurisdiction," regardless of "whether or not further relief is or could be sought." 28 U.S.C. § 2201.

62. An actual controversy exists between Hartford and Defendants regarding whether Hartford has any obligation to provide coverage for Medline under the Policy.

63. The Knowing Violation Of Rights Exclusion, which provides that the Policy does not apply to "'Personal and advertising injury' arising out of an offense committed by, at the direction or with the consent or acquiescence of the insured with the expectation of inflicting 'personal and advertising injury,'" applies to preclude coverage under the Policy.

64. Becton and Bard's allegations against Medline in the Underlying Action fall within the Knowing Violation of Rights Exclusion.

65. Hartford requests that this Court declare that Hartford has no obligation to defend or indemnify Medline under Coverage B of the Policy based on the Knowing Violation Of Rights Exclusion.

## COUNT VI
## DECLARATORY RELIEF
### BREACH OF CONTRACT EXCLUSION PRECLUDES COVERAGE UNDER COVERAGE B

66. Hartford repeats and realleges the allegations of Paragraph 1 through 35 as if fully set forth herein.

67. The Declaratory Judgment Act permits this Court to "declare the rights and other legal relations of any interested party" with respect to a "case of actual controversy within its jurisdiction," regardless of "whether or not further relief is or could be sought." 28 U.S.C. § 2201.

68. An actual controversy exists between Hartford and Defendants regarding whether Hartford has any obligation to provide coverage for Medline under the Policy.

69. The Breach of Contract Exclusion, which provides that the Policy does not apply to "'Personal and advertising injury' arising out of a breach of contract, except an implied contract to use another's 'advertising idea' in your 'advertisement,'" applies to preclude coverage.

70. Becton and Bard's allegations against Medline in the Underlying Action fall within the Breach of Contract Exclusion, and thus there is no coverage under Coverage B of the Policy.

71. Hartford requests that this Court declare that Hartford has no obligation to defend or indemnify Medline under Coverage B of the Policy based on the Breach of Contract Exclusion.

**COUNT VII**
**DECLARATORY RELIEF**
**PROFESSIONAL LIABILITY EXCLUSION PRECLUDES COVERAGE**

72. Hartford repeats and realleges the allegations of Paragraph 1 through 35 as if fully set forth herein.

73. The Declaratory Judgment Act permits this Court to "declare the rights and other legal relations of any interested party" with respect to a "case of actual controversy within its jurisdiction," regardless of "whether or not further relief is or could be sought." 28 U.S.C. § 2201.

74. An actual controversy exists between Hartford and Defendants regarding whether Hartford has any obligation to provide coverage for Medline under the Policy.

75. The Professional Liability Exclusion, which provides "[t]his insurance does not apply to any injury, damage, loss, cost or expense, including but not limited to… 'personal and advertising injury' arising out of or in any way related to the actual or alleged rendering of or failure to render any 'professional services' or ancillary support services," applies to preclude coverage.

76. Becton and Bard's allegations against Medline in the Underlying Action fall within the Professional Liability Exclusion.

77. Hartford requests that this Court declare that Hartford has no obligation to defend or indemnify Medline under the Policy based on the Professional Liability Exclusion.

## COUNT VIII
### DECLARATORY RELIEF
### PRODUCTS-COMPLETED OPERATIONS HAZARD EXCLUSION PRECLUDES COVERAGE

78. Hartford repeats and realleges the allegations of Paragraph 1 through 35 as if fully set forth herein.

79. The Declaratory Judgment Act permits this Court to "declare the rights and other legal relations of any interested party" with respect to a "case of actual controversy within its jurisdiction," regardless of "whether or not further relief is or could be sought." 28 U.S.C. § 2201.

80. An actual controversy exists between Hartford and Defendants regarding whether Hartford has any obligation to provide coverage for Medline under the Policy.

81. The Products-Completed Operations Hazard Exclusion provides "[t]his insurance does not apply to any injury, damage, loss, cost or expense, including but not limited to 'bodily injury' or 'property damage' arising out of, included within or in any way related to the 'products-completed operations hazard'." "'Products-completed operations hazard' includes any injury or damage arising out of or in any way related to:… Violation of any intellectual property rights, including but not limited to patent, copyright, trademark or service mark, trade name, trade secret or other designation of origin or authenticity in any way related to 'your product' or 'your work', or the work or product of others."

82. Becton and Bard's allegations against Medline in the Underlying Action fall within the Products-Completed Operations Hazard Exclusion.

83. Hartford requests that this Court declare that Hartford has no obligation to defend or indemnify Medline under the Policy based on the Products-Completed Operations Hazard Exclusion.

## COUNT IX
### DECLARATORY RELIEF
### HEALTH CARE SERVICES EXCLUSION PRECLUDES COVERAGE

84. Hartford repeats and realleges the allegations of Paragraph 1 through 35 as if fully set forth herein.

85. The Declaratory Judgment Act permits this Court to "declare the rights and other legal relations of any interested party" with respect to a "case of actual controversy within its jurisdiction," regardless of "whether or not further relief is or could be sought." 28 U.S.C. § 2201.

86. An actual controversy exists between Hartford and Defendants regarding whether Hartford has any obligation to provide coverage for Medline under the Policy.

87. The Health Care Services Exclusion precludes coverage for "any injury, damage, loss, cost or expense, including but not limited to 'bodily injury', 'property damage' or 'personal and advertising injury' arising out of or in any way related to any… [m]edical, surgical, dental or x-ray service, treatment, advice or instruction; [h]ealth or therapeutic service, treatment, advice or instruction; or [u]se, furnishing or dispensing of drugs or medical, dental or surgical devices, equipment, supplies, products or appliances…"

88. Becton and Bard's allegations against Medline in the Underlying Action fall within the Health Care Services Exclusion.

89. Hartford requests that this Court declare that Hartford has no obligation to defend or indemnify Medline under the Policy based on the Health Care Services Exclusion.

16

WHEREFORE, Hartford requests that the Court enter judgment as follows:

(a) That an actual controversy exists which lies within this Court's jurisdiction, and Hartford has no other adequate remedy at law;

(b) That the Court make a declaration concerning Hartford's rights, duties and obligations to Defendants, if any, under the terms, provisions, limits, conditions, exclusions, and endorsements of the Policy.

(c) That the Court make a declaration that Hartford has no duty to defend or indemnify Medline in the Underlying Action filed by Becton and Bard.

(d) That Hartford be awarded its costs of suit incurred herein, including its reasonable attorneys' fees; and

(e) For such other and further relief that the Court deems just and proper.

Date: November 3, 2021

Dated: November 3, 2021                    Respectfully submitted,

*/s/ Kayla E. Schmidt*
Kayla E. Schmidt
kayla.schmidt@huschblackwell.com
HUSCH BLACKWELL, LLP
120 S. Riverside Plaza, Suite 2200
Chicago, IL 60606
312-655-1500

Scott L. Davis*
Scott.Davis@huschblackwell.com
HUSCH BLACKWELL LLP
1900 Pearl Street, Suite 1800
Dallas, TX 75201-2995

Jessica C. Collier*
jessica@collier@huschblackwell.com
HUSCH BLACKWELL, LLP
1801 Wewatta Street,
Suite 1000
Denver, CO 80202-6318

Tyler Scott*
Tyler.Scott@huschblackwell.com
HUSCH BLACKWELL, LLP
4801 Main Street,
Suite 1000
Kansas City, Missouri 64112

*pro hac vice forthcoming*

**Counsel for Plaintiff**
**Hartford Fire Insurance Company**