UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HARTFORD FIRE INSURANCE CO.,

Plaintiff,

v.

MEDLINE INDUSTRIES, INC., BECTON,
DICKINSON & CO., and C.R. BARD, INC.,

Defendants.

No. 21 C 05887

Judge Thomas M. Durkin

## MEMORANDUM OPINION AND ORDER

Hartford Fire Insurance Co. filed this declaratory judgment action against Medline Industries, Inc. seeking a declaration of rights and remedies under a commercial general liability insurance policy. Medline filed a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), which Hartford opposed. Shortly after briefing on that motion concluded, Hartford filed the instant motion to voluntarily dismiss the case without prejudice under Rule 41(b)(2), which Medline opposes in part. The Court now conditionally grants Hartford's Rule 41 motion to dismiss with the terms set forth below.

### Background

Hartford is an insurance company organized under Connecticut law with its principal place of business in Connecticut. It originally filed this case on November 3, 2021. In its Complaint, Hartford alleged that Medline "is a corporation organized under the laws of the state of Illinois with its principal place of business at 3 Lakes Drive, Northfield, Illinois 60093." R. 1 ¶ 2. In its January 31, 2021 Answer, Medline

1

denied that it was a corporation but otherwise admitted the remaining allegations in that paragraph. R. 22 ¶ 2. Medline asserted that "on or about September 7, 2021, it became a limited partnership under the laws of the state of Illinois." R. 22 ¶ 2.

On February 2, 2021, Paul Walker-Bright (counsel for Medline) emailed Jessica Collier (counsel for Hartford) with information describing Medline's multi-layer partnership structure. R. 35-1. Walker-Bright indicated that at least two entities within the partnership were either organized under Connecticut law or had their principal places of business in Connecticut. Based on this information, Walker-Bright told Collier, "[I]t does not appear that the Court had diversity jurisdiction when Hartford filed suit." R. 35-1.

On February 10, Walker-Bright and Collier spoke via telephone, and discussed whether Hartford would agree to voluntarily dismiss the suit in light of the information in the email. Collier said Hartford would not voluntarily dismiss the suit. Medline then filed its Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction on February 14, 2022. Hartford filed its opposition to that motion on March 14.

On March 24, 2022, Hartford filed a new lawsuit in Illinois state court asserting the same claim against Medline but did not inform Medline of this filing, apparently because the state court did not immediately accept the complaint. Medline then filed its reply in support of its Rule 12 motion to dismiss on March 28. Later on March 28, the state court accepted Hartford's complaint. Collier called Walker-Bright that day and informed him of the state court filing. Collier asked whether Medline

would stipulate to voluntary dismissal of the federal case. Two days later, Walker-Bright informed Hartford's counsel that Medline would stipulate to voluntary dismissal if Hartford agreed to pay Medline's attorneys' fees incurred in connection with verifying its Connecticut citizenship and moving to dismiss the case, a total of approximately $20,000. Collier called Walker-Bright on April 7 to inform him that Hartford would not agree to pay Medline's fees. It filed the instant motion for voluntary dismissal the same day, noting Medline's opposition.

Medline states that in addition to the $20,000 in fees it is seeking in connection with its investigation and litigation of the Rule 12 motion to dismiss, it is also seeking fees incurred in connection with its pursuit of those fees as part of this Rule 41 motion.

## Discussion

"After a defendant has filed an answer, voluntary dismissal may be obtained only upon court order and 'on terms that the court considers proper.'" *OSF Healthcare System v. Board of Trustees of SEUI Healthcare Illinois Home Care & Child Care Fund*, 2018 WL 6430824, at *2 (C.D. Ill. Feb. 28, 2018) (quoting Fed. R. Civ. P. 41(a)(2)). "The general purpose of [Rule 41(a)] is to preserve the plaintiff's right to take a voluntary nonsuit and start over so long as the defendant is not hurt." *McCall-Bey v. Franzen*, 777 F.2d 1178, 1184 (7th Cir. 1985). Dismissal by court order under Rule 41(a) is without prejudice unless otherwise stated. Fed. R. Civ. P. 41(a)(1)(B).

Medline does not contest that the relevant factors here, such as the early stage of the litigation, favor allowance of Hartford's motion for voluntary dismissal. *See* R. 35, at 3; *Wells Fargo Bank, N.A. v. Younan Props., Inc.*, 2013 WL 251203, at *1-2

(N.D. Ill. Jan. 23, 2013) (discussing factors for consideration on a Rule 41(a)(2) motion). However, Medline seeks an order conditioning dismissal on Hartford's payment of its attorneys' fees incurred as part of work in this case that cannot be used in the now-pending state case.

"The purpose of the 'terms and conditions' clause is to protect a defendant from any prejudice or inconvenience that may result from a plaintiff's voluntary dismissal." *OSF Healthcare*, 2018 WL 6430824, at *3 (quoting *GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364, 367 (D.C. Cir. 1981)). "Attorneys' fees and costs are commonly awarded as one such 'term and condition' for a voluntary dismissal." *Id.* However, dismissal without prejudice should not be conditioned on payment of a defendant's fees for work that may be utilized in subsequent litigation of the same claim. *Id.* (citing *Marlow v. Winston & Strawn*, 19 F.3d 300, 306 (7th Cir. 1994)).

The Court agrees that conditioning dismissal without prejudice on Hartford's payment of at least some of Medline's fees is appropriate in this case. At least as early as February 2, 2022, Medline's counsel provided Hartford's counsel with information that suggested the Court lacked diversity jurisdiction over the parties. It was not unreasonable for Hartford to take a brief time to verify this information and conduct its own investigation. However, when on February 10 Hartford refused to voluntarily dismiss, Medline was prompted to file a motion to dismiss premised on the same evidence it provided to Hartford and asserting an argument that would have no usefulness in a subsequent state court case. Courts in this district have granted fees as a condition of voluntary dismissal in similar cases. *See, e.g.*, *Wells Fargo*, 2013 WL

4

251203, at *2 (conditioning Rule 41(a)(2) dismissal on plaintiff's payment of defendant's attorneys' fees related to drafting and submitting motion to dismiss focused on subject matter jurisdiction). However, the Court finds that Medline's fees incurred **before** the February 10 call are not recoverable. Medline likely would have been obligated to investigate its corporate structure no matter where this suit was filed, if only to provide truthful responses to Hartford's allegations, and the Court has no reason to doubt Hartford's assertion that it would have sought discovery on this issue regardless. As such, the work Medline did to verify its corporate structure will likely be helpful in subsequent litigation of this claim.

The fact that the Court may lack subject matter jurisdiction does not preclude an award of fees here. The fees sought all relate to the parties' dispute over whether the Court has jurisdiction, and a court has jurisdiction to determine whether it has jurisdiction. *See Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999). Were the rule otherwise, a plaintiff could file a plainly frivolous lawsuit but be protected from sanctions so long as the court lacked subject matter jurisdiction. This also distinguishes the instant situation from one in which fees are sought under a substantive statute that provides for a right of recovery to the prevailing party, but the claim is dismissed for lack of jurisdiction. *See, e.g.*, *Bollig v. Christian Cmty. Homes & Servs., Inc.*, 2003 WL 23211142, at *1 (declining to award fees to defendant under ERISA provision because court lacked subject matter jurisdiction over the underlying claim). Furthermore, Medline is not seeking fees simply because it has had to defend a case in which the Court allegedly lacks jurisdiction. It is seeking fees

5

because Hartford refused to dismiss the suit after being provided with information that suggested the Court lacked jurisdiction, opposed the Rule 12 motion to dismiss, and then nonetheless moved for voluntary dismissal at a later date.

Accordingly, the Court grants Hartford's motion to voluntarily dismiss this case without prejudice, conditioned on its payment of Medline's reasonable attorneys' fees incurred ***after*** the February 10, 2022 telephone call with Hartford through the date of this order. This includes fees associated with its own motion to dismiss and its litigation of the right to recover fees in connection with Hartford's Rule 41 motion. *See Holmstrom v. Metro. Life Ins. Co.*, 2011 WL 2149353, at *8 (N.D. Ill. May 31, 2011) ("The Seventh Circuit teaches that attorney's fees in incurred in litigating and establishing an attorney's entitlement to fees are generally compensable.").

Medline has to date provided only an estimate of the fees it is seeking, preventing the Court from evaluating the reasonableness of the exact figure. Within 14 days of the entry of this order, Medline shall submit one or more affidavits and any necessary supporting documentation to establish the fees it is seeking and the reasonableness thereof. Within 14 days of Medline's submission of this information, Hartford shall file with the Court one of the following: (1) notice of its agreement to pay the fees requested by Medline and voluntarily dismiss this case without prejudice; (2) if it contests any portion of the fee request but continues to seek

voluntary dismissal, an explanation of its objections to Medline's fee request submission; or (3) notice that it is withdrawing its motion for voluntary dismissal.[1]

ENTERED:

Honorable Thomas M. Durkin
United States District Judge

Dated: June 7, 2022

---

[1] *See Marlow*, 19 F.3d at 304 (noting that a party seeking voluntary dismissal under Rule 41 should be permitted a reasonable opportunity to withdraw the motion if it decides the district court's conditions are too onerous).